IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| CARPENTERS PENSION TRUST FUND OF KANSAS CITY, a Trust Fund, *et al.*, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 18-414-cv-W-ODS |
| BRADFORD INTERIOR GROUP, LLC | ) ) | |
| Defendant. | ) ) | |

**PLAINTIFFS' MOTION TO STRIKE DEFENDANT'S ANSWER**

COME NOW Plaintiffs, Carpenters Pension Trust Fund of Kansas City, *et al.*, by and through their attorneys of record, and state as follows for their Memorandum in Support of Plaintiffs' Motion to Strike Defendant's Answer:

## I. SUMMARY OF THE CASE

This case involves a labor union, four employee benefit funds, and the funds' respective Trustees' claims for unpaid employee benefit contributions brought under the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA"), 29 U.S.C. §§ 1132 and 1145, ERISA §§ 502 and 515. Plaintiffs filed their Complaint on May 30, 2018 and it was served on Defendant on June 5, 2018.

Defendant is a limited liability company, established pursuant to the laws of the State of Missouri. (See Ex. 1) Defendant filed its answer on June 26, 2018.

Despite case law prohibiting companies from appearing pro se, Defendant has no attorney. Instead, its answer was filed by Rondale Bradford, Defendant's registered agent.

## II. ARGUMENTS AND AUTHORITIES

Motions to strike are properly directed to pleadings. 2 James W. Moore, *et al.*,

Moore's Federal Practice § 12.37[2] (3rd ed.2012). Resolution of such a motion lies within the broad discretion of the Court. *Id.*

U.S. Supreme Court case law makes clear that Defendant may not appear in this case *pro se*. In *Rowland v. California Men's Colony*, 506 U.S. 194, 201–02 (1993), the Court reversed an appellate court ruling and held that only natural persons can appear *pro se*. The Court stated, "It has been the law for the better part of two centuries…that a corporation may appear in the federal courts only through licensed counsel." (citing *Osborn v. President of Bank of United States*, 9 Wheat. 738, 829, 6 L.Ed. 204 (1824); *see also Turner v. American Bar Assn.*, 407 F.Supp. 451, 476 (ND Tex. 1975) (citing the "long line of cases" from 1824 to the present holding that a corporation may only be represented by licensed counsel).

The Eighth Circuit has consistently applied *Rowland* to prohibit companies from appearing *pro se*. In *City of Kansas City, Mo. v. Housing. & Economic Development Financial Corp.*, 366 Fed. Appx. 723, 724 (8th Cir. 2010) (unpublished), the court dismissed an appeal filed by the appellant company because it attempted to appear *pro se*. *See also United States v. Van Stelton*, 988 F.2d 70, 70 (8th Cir.1993) (per curiam) (holding that corporation that was not represented by counsel was not party to appeal and that a corporation cannot appear *pro se*).

This Court has consistently so held as well. *See, e.g., Am. Prod. & Inventory Control Socy., Inc. v. Auxier*, 11-00956-CV-SJ-BP, 2013 WL 12152447, at *1 (W.D. Mo. May 28, 2013) (Phillips, J.) (holding that "only legal counsel may file on behalf of the corporate Defendant" and striking a corporate motion filed *pro se*); *Locke v. Sun Loan Co. Missouri, Inc.*, 17-0355-CV-W-FJG, 2017 WL 5297951, at *3 (W.D. Mo. Nov. 13, 2017) (Gaitan, J.)

(provisionally denying counsel's motion to withdraw until new counsel enters their appearance, as companies may only appear in federal court only through licensed counsel); *Symon v. Vinicombe*, 90-0361-CV-W-6, 1994 WL 496898, at *2 (W.D. Mo. Sept. 7, 1994) (Sachs, J.) (denying the trust's motion to proceed *pro se* and its counsel's motion to withdraw, and stating that artificial entities may not proceed *pro se*). *See also SSM Managed Care Org., L.L.C. v. Comprehensive Behavioral Care, Inc.*, 4:12-CV-2386 CAS, 2014 WL 241920, at *1 (E.D. Mo. Jan. 22, 2014) ("A corporation is an artificial entity that can only act through agents, cannot appear pro se, and must be represented by counsel.").

The U.S. Supreme Court, the Eighth Circuit, and this Court have all consistently held that companies may not appear *pro se*. Pursuant to this long-established case law, Defendant may appear only through licensed counsel, not through its registered agent.

### III. CONCLUSION AND PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray the Court Order that the Answer to Plaintiffs' Complaint filed by Defendant Bradford Interior Group, LLC. be stricken, and said Defendant be directed to obtain counsel and answer Plaintiffs' Complaint within twenty-one (21) days of the Court's Order striking the Answer of Defendant Bradford Interior Group, LLC.

.

Respectfully Submitted,

ARNOLD, NEWBOLD, WINTER & JACKSON, P.C.

*/s/ Kristie Blunt Welder*
Bradley J. Sollars, Mo. Bar No. 54931
Kristie Blunt Welder, Mo. Bar No. 61715
1100 Main Street, Suite 2001
Kansas City, Missouri 64105
Telephone: 816-421-5788
Facsimile: 816-471-5574
*Attorneys for Plaintiffs*

# **CERTIFICATE OF SERVICE**

       I hereby certify that on July 9, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification to parties eligible to receive such notifications, and a copy was sent via U.S. Mail to the following:

Rondale Bradford
Registered Agent
6220 Arlington Ave.
Raytown, MO 64133

                                               */s/ Kristie Blunt Welder*